UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHID DESHAWN DEARY-SMITH,<br><br>Petitioner,<br><br>v.<br><br>STUART SHERMAN,<br><br>Respondent. | No. 2:20-cv-00572 GGH P<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner paid the filing fee.

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition: "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases. Petitioner must also clearly state the relief sought in the petition. Id. Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).

////

1

In his current petition, petitioner alleges five grounds for relief. However, within each ground, petitioner appears to allege violations of a combination of state and federal laws. See ECF No. 1 at 6-22 ("Ground One: Lack of Subject Matter Jurisdiction, Incomp[et]ent to Stand Trial, Violation to State Bar Rule 1.4;" "Ground Two: Violation of Due Process, Unconstitutional Arrest, Miscarriage of Justice, Convictions Using Unconstitution[al] Laws;" "Ground Three: Abuse of Power, Violation of Due Process, Violation of California Laws and Higher Court Orders, Violation of Constitutional Rights;" "Ground Four: Violation of Eighth Amendment, UCC 1-308 UCC 1-207, Simulating Legal Process, Deprivation of Rights for Color of Law, Title 18, Section 242, American Disability Act, Ineffective Counsel, Incompetent to Stand Trial PC 1368, Article 1 Declaration of Rights 1 Section 1, Article 1, Section II (4)(B), Section 3(A)(B), (1), (2), (4), (5), and (6), Violation of California Criminal Process and Procedure and Deadlines, Errors in Instructing an 'Reasonable and Probable Consequences' Theory to Support Attempted Murder Charges III, Constitutional Conviction, False Arrest, Fraud, Prosecutorial Misconduct, Abuse of Power, New Discovered Evidence and Justice;" "Ground [Five]: False Imprisonment – Cruel and Unusual Punishment – Change of Law – False Identification – Fraud Upon the Court").

The petition in its current form fails to comply with Rule 2(c), Rules Governing Section 2254 Cases. Petitioner's grounds for relief encompass multiple claims alleging violation of state and federal laws. The claims are unclear, convoluted and fail to sufficiently "state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4, supra. Petitioner is cautioned that claims alleging error in the interpretation or application of state law are unavailable in federal habeas review. See Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1983); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986). A writ of habeas corpus is available under 28 U.S.C.§ 2254(a) only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d at 1085; Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Therefore, the petition is dismissed with leave to amend. Rule 4, Rules Governing

Section 2254 Cases.  In the amended petition, petitioner must set forth each claim for relief *separately* and summarize the facts he alleges support each of the identified claims.

Finally, petitioner appears to not have fully exhausted his claims in the state courts. When answering whether each ground for relief in the petition has been presented to the highest court, petitioner states they were not. See ECF No. 1 at 24. However, it is unclear whether each claim within each of the five grounds has also been fully exhausted. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). When amending his petition, petitioner must take care to show that he has exhausted his state court remedies for each of his claims by alleging whether each claim has been presented to the California Supreme Court.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[2]

2. Any amended petition must bear the case number assigned to this action and the title "Amended Petition"; and

3. The Clerk of the Court is directed to send petitioner the court's form application for writ of habeas corpus.

Dated: April 8, 2020

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[2] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.

3