UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHID DESHAWN DEARY-SMITH,<br><br>Petitioner,<br><br>v.<br><br>STUART SHERMAN, et al.,<br><br>Respondents. | No.  2:20-cv-00572 KJM AC<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

    Petitioner is a former state prisoner proceeding through retained counsel in this habeas corpus action filed pursuant to 28 U.S.C. § 2254.  In August 2021, the case was stayed pending resolution of petitioner's resentencing proceedings in state court.  ECF No. 29.  Petitioner was granted partial relief in state court and was resentenced to time served on September 1, 2023.  ECF No. 47 at 3.  The stay of this action was therefore lifted on October 23, 2023.  ECF No. 42.

    I.    <u>Procedural History</u>

    At the time that the stay was lifted, counsel for petitioner was directed to file a second amended § 2254 petition within 30 days limited to any claims challenging petitioner's remaining convictions for burglary and felon in possession of a firearm.  ECF No. 42.  Following an extension of time, petitioner filed a motion to dismiss this habeas corpus action because "it is counsel's informed judgment that Petitioner has no viable claims to challenge his remaining convictions for burglary and felon in possession of a firearm."  ECF No. 47 at 3.  In the

1

alternative, counsel moved to withdraw as counsel of record. ECF No. 47 at 4. Respondent has not filed an opposition to the motion to dismiss and the time to do so has expired.

II.  Analysis

In light of petitioner's decision not to file an amended § 2254 petition in this case, there is technically no operative federal habeas petition for the court to dismiss. Therefore, the court construes petitioner's motion as a request to voluntarily dismiss this habeas corpus action pursuant to Rule 41(a)(2). See Rule 12 of the Rules Governing Habeas Corpus Cases Under Section 2254 (stating that the Federal Rules of Civil Procedure apply to the extent they are not inconsistent with the habeas rules). So construed, it is recommended that the request be granted and this case be voluntarily dismissed.

In light of numerous limitations created by the AEDPA outlined in the motion to dismiss, any dismissal at this juncture would effectively operate as a dismissal with prejudice. See ECF No. 47 at 3 n. 2. Therefore, in an abundance of caution, counsel for petitioner is ordered to serve a copy of these Findings and Recommendations directly on petitioner within 7 days from the date of this order. See 28 U.S.C. § 2244(b). In the event that petitioner wishes to proceed pro se with this habeas corpus action, he shall so inform the court within 14 days from the date of this order by filing Objections to these Findings and Recommendations.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that counsel for petitioner serve a copy of these Findings and Recommendations directly on petitioner and file a proof of service so indicating within 7 days from the date of this order.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's motion to dismiss the pending habeas corpus action (ECF No. 47) be construed as a request for voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

2. So construed, this action be voluntarily dismissed and the case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).   Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 2, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3